**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN R. FOSTER,<br><br>Defendant. | CASE NO.<br>JUDGE<br><br>2:16 cr 137<br><br>**INDICTMENT**<br><br>18 U.S.C. § 2<br>18 U.S.C. § 1343<br>18 U.S.C. § 1956(h)<br>18 U.S.C. § 1957<br>**FORFEITURE** |



FILED 2016 JUL -7 AM 11:39 RICHARD W. NAGEL CLERK OF COURT U.S. DISTRICT COURT SOUTHERN DIST. OHIO EAST. DIV. COLUMBUS — Judge Sargus

**THE GRAND JURY CHARGES:**

### INTRODUCTION

At all times relevant to this Indictment:

1. The defendant, **KEVIN R. FOSTER**, was the principal of his management/accounting firm, Foster & Firm, Inc. ("Foster & Firm"), a corporation organized and operated in New York, New York.

2. The defendant, **KEVIN R. FOSTER**, was the registered agent of Project Twenty One, LLC ("Project 21"), a limited liability company organized in New York, New York.

3. From in or about at least July 2011, through in or about at least May 2013, the defendant, **KEVIN R. FOSTER**, served as the business manager for S.S. and S.S.'s companies, including but not limited to: 2424, LLC ("2424"); Compound Touring, Inc. ("Compound Touring"); and Super Sayin' Publishing, LLC ("Super Sayin' Publishing"). As S.S.'s business manager, the defendant, **KEVIN R. FOSTER**, had control over S.S.'s personal and business bank accounts, including but not limited to: 2424, Compound Touring, and Super Sayin'

1

Publishing.

4. From in or about at least July 2011, through in or about at least May 2013, the defendant, **KEVIN R. FOSTER**, served as an officer and/or controller of Imperial Integrative Health Research & Development, LLC ("Imperial") along with Thomas E. Jackson and Preston J. Harrison. Imperial operated and had its principal place of business in Westerville, Ohio, within the Southern District of Ohio.

## COUNTS 1–3
## (18 U.S.C. § 1343 – Wire Fraud)

1. Paragraphs 1–4 of the Introduction of this Indictment are re-alleged and incorporated here.

2. From in or about July 2011, through in or about May 2013, the defendant, **KEVIN R. FOSTER**, devised and intended to devise a scheme to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, to wit: the defendant devised a scheme to defraud S.S. as to his investments—both authorized and unauthorized—in Imperial, which resulted in substantial commissions and benefits for the defendant.

### Manner and Means

3. It was part of the scheme to defraud that the defendant, in an effort to secure S.S.'s investment in Imperial, did not tell S.S. that the defendant served as an officer/controller of Imperial, or that he was an authorized signatory on at least one of Imperial's bank accounts.

4. It was further part of the scheme to defraud that the defendant, in an effort to secure S.S.'s investment in Imperial, did not tell S.S. that the defendant would earn commission and/or other benefits from Imperial based on S.S.'s investments.

5. It was further part of the scheme to defraud that the defendant, once securing S.S.'s

2

initial investment in Imperial, made additional unauthorized investments from S.S.'s bank accounts into Imperial in order to earn commission and/or other benefits.

6. It was further part of the scheme to defraud that the defendant then transferred funds from these unauthorized investments from Imperial's accounts into the defendant's personal bank accounts.

## Execution of the Scheme

7. On or about each of the dates set forth below, in the Southern District of Ohio and elsewhere, the defendant, **KEVIN R. FOSTER**, for the purpose of executing and attempting to execute the scheme described above, transmitted and caused to be transmitted, by means of wire communication in interstate and foreign commerce, the signals and sounds described below for each count:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 1 | 07/08/2011 | Wire transfer from 2424's Citibank account for $2,500,000 to Imperial's JPMorgan Chase Bank account x2585. |
| 2 | 10/12/2012 | Wire transfer from Super Sayin' Publishing's Citibank account for $500,000 to Imperial's Wells Fargo Bank account x5655. |
| 3 | 10/12/2012 | Wire transfer from Super Sayin' Publishing's Citibank account for $500,000 to Imperial's Wells Fargo Bank account x5655. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 4
(18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering)

1. Paragraphs 1–4 of the Introduction of this Indictment are re-alleged and incorporated here.

2. From in or about July 2011, through in or about May 2013, in the Southern District of Ohio and elsewhere, the defendant, **KEVIN R. FOSTER**, did knowingly combine, conspire,

3

and agree with Thomas E. Jackson, and with other persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1957, to wit: to knowingly engage and attempt to engage, in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000; for example, on or about March 25, 2013, a wire transfer from Foster & Firm's Wells Fargo Bank account x5663 for $30,500 to Imperial's Wells Fargo Bank account x5655, such property having been derived from a specified unlawful activity, that is, bank fraud, in violation of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Section 1956(h).

### COUNTS 5–7
### (18 U.S.C. § 1957 – Money Laundering)

1. Paragraphs 1–4 of the Introduction of this Indictment are re-alleged and incorporated here.

2. On or about the dates set forth below, in the Southern District of Ohio and elsewhere, the defendant, **KEVIN R. FOSTER**, did knowingly engage and attempt to engage in the following monetary transactions, by through or to a financial institution, and affecting interstate commerce or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343:

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| 5 | 07/11/2011 | Deposit from Imperial's JPMorgan Chase Bank account x2585 into Foster & Firm's HSBC Bank account x0807 in the amount of $250,000. |
| 6 | 10/15/2012 | Deposit into Project 21's Wells Fargo Bank account x5416 in the amount of $500,000. |

| 7 | 10/16/2012 | Deposit into Imperial's JP Morgan Chase Bank account x2585 in the amount of $450,000. |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1–7 of this Indictment charging wire fraud, in violation of 18 U.S.C. § 1343; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and money laundering, in violation of 18 U.S.C. § 1957; are re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America, pursuant to 18 U.S.C. § 981(a)(1), 18 U.S.C. §§ 982(a)(1) and (a)(2)(A), and 28 U.S.C. § 2461(c).

2. Upon conviction of any of the offenses set forth in Counts 1–7 of this Indictment, the defendant, **KEVIN R. FOSTER**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1), 18 U.S.C. §§ 982(a)(1) and (a)(2)(A), and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, and any property involved in the offenses, including but not limited to, a sum of money equal to the amount of proceeds the defendant obtained as a result of the offenses.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

5

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2.

A TRUE BILL.

S/Foreperson

_____
FOREPERSON

BENJAMIN C. GLASSMAN
ACTING UNITED STATES ATTORNEY

*[signature]*
_____
JESSICA H. KIM (0087831)
Assistant United States Attorney